THE HONORABLE KYMBERLY EVANSON

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| MEMARY LAROCK, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ZOOMINFO TECHNOLOGIES LLC,<br><br>Defendant. | Civil Action No. 3:24-cv-05745-KKE<br><br>**JOINT RULE 26(F) REPORT** |

Pursuant to the Court's Order (ECF No. 15), Plaintiff Memary LaRock and Defendant ZoomInfo Technologies, Inc. submit the following revised joint status report, discovery plan and proposed case schedule:

**1.      Nature of the Case**

**A.      Plaintiff:**  Plaintiff alleges that Defendant ZoomInfo Technologies, Inc., which owns and operates the website www.Zoominfo.com, uses Plaintiff's and Class members' names, contact information, job titles, work histories, and other personal information to promote ZoomInfo subscriptions.  Because Plaintiff and the Class did not consent to ZoomInfo's use of their likenesses and personal information in ZoomInfo's marketing and advertisements, Plaintiff alleges that ZoomInfo has violated the Washington Personality Rights Act, RCW §§ 63.60.010-63.60.080.

JOINT RULE 26(F) REPORT
(3:24-CV-05745-KKE)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
(206) 905 7000

**B.    Defendant:** ZoomInfo denies it has violated Washington's Personality Rights Act. ZoomInfo moved to dismiss Plaintiff's complaint and moved to strike class allegations in Plaintiff's complaint.

ZoomInfo believes discovery is premature until the Court resolves ZoomInfo's motions to dismiss and to strike class allegations.

2.    **Deadline for Joining Additional Parties:** No later than two months after the Court decides ZoomInfo's motions to dismiss and strike class allegations.

3.    **Consent to assignment to United States Magistrate Judge:** No.

4.    **Deadline for filing a motion for class certification:** The Parties propose that Plaintiff move for class certification four weeks after the close of expert discovery, that Defendant respond 30 days later, and that plaintiff reply 21 days thereafter.

5.    **Proposed Case Schedule and Discovery Plan**

| Event | Deadline |
| --- | --- |
| Initial disclosures | The Parties served their initial disclosures on November 7, 2024. |
| Close of fact discovery | Six months after the pleadings are closed. |
| Deadline to disclose merits experts | One month after the close of fact discovery. |
| Deadline for Plaintiff to disclose class certification experts | One month after the close of fact discovery. |
| Deadline to disclose merits rebuttal experts | One month after the deadline to disclose merits experts. |
| Deadline for Defendant to disclose rebuttal class certification experts | One month after the deadline to disclose class certification experts. |

JOINT RULE 26(F) REPORT
(3:24-CV-05745-KKE) - 2

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
(206) 905 7000

| Event | Deadline |
|---|---|
| Close of expert discovery | Three weeks after the deadline to disclose rebuttal experts. |
| Deadline to file motion for class certification | One month after the close of expert discovery. |
| Deadline to file brief in opposition to class certification | One month after the deadline for Plaintiff to file her motion for class certification. |
| Deadline to file reply in support of class certification | Twenty-one days after the deadline for ZoomInfo to file its opposition to Plaintiff's motion for class certification. |
| Deadline to submit a further status report addressing deadlines for any motions for summary judgment, *Daubert* motions, motions *in limine*, and proposed dates for the pretrial conference and trial. | One month after a final decision on plaintiff's motion for class certification. |

A. **Initial Disclosures:**

Plaintiff served her initial disclosures on November 7, 2024. ZoomInfo served its initial disclosures on November 7, 2024.

B. **Subjects, Timing and Phasing of Discovery**

<u>Subjects of Discovery.</u>

*i. Plaintiff*: Plaintiff anticipates taking discovery on the following topics: (1) the allegations in Plaintiff's complaint; (2) Defendant's use of the Plaintiff's and the putative class members' names and identities to promote its platform; (3) Defendant's operations and organization; (4) Defendant's awareness of the wrongfulness of its conduct; (5) that damages owed by Defendant to Plaintiff and the putative class members; and (6) Defendant's efforts to optimize its webpages using Plaintiff's and the putative class members' names and identities on internet search engines.

JOINT RULE 26(F) REPORT
(3:24-CV-05745-KKE) - 3

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
(206) 905 7000

  *ii. Defendant*: To the extent the claims and/or Plaintiff's class allegations survive following resolution of ZoomInfo's pending motion to dismiss, ZoomInfo anticipates taking discovery on the following topics: (1) the allegations in Plaintiff's complaint; (2) any loss Plaintiff and putative class members purportedly suffered as a result of the alleged conduct; (3) any opportunity Plaintiff and putative class members had to monetize their information, including names, job titles, work histories, and other professional contact information; (4) any consents by Plaintiff or putative class members to the posting of that information online, including through any professional website; (5) any efforts by Plaintiff or putative class members to maintain the privacy of such information; (6) any evidence Plaintiff or other class members have an intellectual property right in that information; and (7) any evidence of emotional harm, mental injury, or distress Plaintiff or putative class members allegedly suffered on account of professional information being publicly available, including any medical information verifying that harm.

  **Timing of Discovery.**  The Parties agree fact discovery shall be completed six months after the pleadings are closed.

  **Phasing of Discovery.**  The Parties do not believe formally phased discovery is necessary.

  **C.** **Electronically stored information:** Once discovery begins, the Parties do not anticipate the need for discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost. Rather, the Parties anticipate the need for discovery of electronically stored information from sources reasonably available to the Parties and/or third parties in the ordinary course of business. The Parties intend to stipulate or agree to the form or forms in which electronically stored information should be produced or otherwise made available and intend to submit such stipulation and related proposed order for approval by the Court.  Plaintiff has sent Defendant a proposed ESI protocol.

  **D.** **Privilege Issues:** The Parties do not anticipate any unusual or unique privilege issues.  The Parties agree to enter into a Protective Order to govern the production of

JOINT RULE 26(F) REPORT
(3:24-CV-05745-KKE) - 4

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
(206) 905 7000

confidential information and disclosures and will submit a proposed Protective Order for the Court's consideration once discovery begins.

  **E.** **Limitations on Discovery:** None.

  **F.** **Proposed Discovery Orders:** The Parties intend to submit a stipulated Protective Order once discovery begins.

 **6.** **Local Civil Rule 26(f)(1) Issues**

  **A.** **Prompt Case Resolution:** The Parties have discussed prompt case resolution, but believe resolution discussions are likely premature at this stage.

  **B.** **Alternative Dispute Resolution:** The Parties believe that mediation may be appropriate at a later stage of the proceedings.

  **C.** **Related Cases:** None.

  **D.** **Discovery Management:** The Parties have submitted their anticipated scope of discovery positions.

  **E.** **Anticipated Discovery Sought:**

 *i. Plaintiff*: Plaintiff anticipates propounding written discovery requests (requests for production, interrogatories, and requests for admission) and taking depositions of members of Defendant's organization on the topics identified above. Plaintiff also reserves the right to seek non-party party discovery from non-parties to extent such discovery becomes necessary.

 *ii. Defendant*: To the extent the claims and/or Plaintiff's class allegations survive following resolution of ZoomInfo's pending motion to dismiss, ZoomInfo anticipates propounding written discovery requests (requests for production, interrogatories, and requests for admission) and taking the deposition of Plaintiff on the topics identified above. ZoomInfo also reserves the right to take discovery of third parties to the extent such discovery becomes necessary.

  **F.** **Phasing Motions:** The Parties do not believe that any formal phasing of motions is necessary here.

JOINT RULE 26(F) REPORT
(3:24-CV-05745-KKE) - 5

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
(206) 905 7000

**G.     Preservation:** The Parties have taken steps to preserve relevant information, including ESI.

**H.     Privilege Issues:** The Parties will propose a Protective Order that addresses privilege issues. The Parties anticipate agreeing upon the Model Protective Order, with appropriate revisions. The Parties do not anticipate any unique attorney-client privilege issues.

**I.     Model Protocol for Discovery of ESI:** The Parties anticipate discovery will include electronically stored information. The Parties contemplate agreeing to a revised version of the Model Protocol for Discovery of Electronically Stored Information in Civil Litigation. Prior to producing discovery responses, the Parties will promptly submit the protocol. Plaintiff has circulated a proposed ESI protocol to Defendant.

**J.     Alternatives to Model Protocol:** A modified version of the Model Protocol.

**7.     Patent Cases:** N/A.

**8.     Date for Completion of Discovery:** Within six months after the pleadings are closed.

**9.     Whether the case should be bifurcated by trying the liability issues before the damages issues, or bifurcated in any other way.**

The Parties do not believe this case should be bifurcated in any way.

**10.     Whether the pretrial statements and pretrial order called for by Local Civil Rules 16(e), (h), (i), and (k), and 16.1 should be dispensed with in whole or in part for the sake of economy.**

No.

**11.     Whether the Parties intend to utilize the Individualized Trial Program set forth in Local Civil Rule 39.2 or any ADR options set forth in Local Civil Rule 39.1.** No.

**12.     Any other suggestions for shortening or simplifying the case.** No.

**13.     The date the case will be ready for trial:** Six months after a decision on class certification.

JOINT RULE 26(F) REPORT
(3:24-CV-05745-KKE) - 6

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
(206) 905 7000

**14.    Whether the trial will be jury or non-jury.**

  A. Plaintiff: Jury.

  B. Defendant: Jury.

**15.    The number of trial days required.**

  A. Plaintiff: 5 days.

  B. Defendant: ZoomInfo believes it is premature to estimate the length and scope of the potential trial until the Court determines whether this action is suitable for class treatment and, if so, the scope and issues for any class trial.

**16.    The names, addresses, and telephone numbers of all trial counsel.**

  A. **For the Plaintiff:**

NICK MAJOR LAW

Nick Major
450 Alaskan Way S. #200
Seattle, WA 98104
Telephone: (206)410-5688
E-mail: nick@nickmajorlaw.com

HEDIN LLP

Frank S. Hedin (*pro hac vice*)
1395 Brickell Ave, Suite 610
Miami, Florida 33131
Telephone: (305)357-2107
E-mail: fhedin@hedinllp.com

Tyler K. Somes (*pro hac vice*)
1100 15th Street NW, Ste 04-108
Washington, D.C. 20005
Telephone: (202)900-3331
E-mail: tsomes@hedinllp.com

  B. **For the Defendant:**

QUINN EMANUEL URQUHART & SULLIVAN, LLP

Alicia Cobb, WSBA #48685

JOINT RULE 26(F) REPORT
(3:24-CV-05745-KKE) - 7

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
(206) 905 7000

Email: aliciacobb@quinnemanuel.com
1109 First Avenue, Suite 210
Seattle, WA 98101
Telephone: (206) 905-7000
Facsimile: (206) 905-7100

Shon Morgan (*Pro Hac Vice*)
Email: shonmorgan@quinnemanuel.com
John W. Baumann (*Pro Hac Vice*)
Email: jackbaumann@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017
Telephone:    (213) 443-3000
Facsimile:    (213) 443-3100

**17.    The dates on which trial counsel may have complications to be considered in setting a trial date.**

None.

**18.    If, on the due date of the Report, all defendant(s) or respondent(s) have not been served, counsel for the plaintiff shall advise the Court when service will be effected, why it was not made earlier, and shall provide a proposed schedule for the required FRCP 26(f) conference and FRCP 26(a) initial disclosures.**

N/A.

**19.    Whether any party wishes a scheduling conference before the Court enters a scheduling order in the case.**

None.

**20.    List the date(s) that each and every nongovernmental corporate party filed its disclosure statement pursuant to Fed. R. Civ. P. 7.1 and Local Civil Rule 7.1.**

   **A.**    Plaintiff: N/A

   **B.**    Defendant: 09/30/2024 (Dkt. 9).

JOINT RULE 26(F) REPORT
(3:24-CV-05745-KKE) - 8

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
(206) 905 7000

21.     **A certification that all counsel and any pro se parties have reviewed the Civil Rules, Local Rules, and the applicable Electronic Filing Procedures.** Counsel for all parties have reviewed the Civil Rules, Local Rules, and the applicable Electronic Filing Procedures.

22.     **A certification that all counsel and any pro se parties have reviewed and complied with Judge Evanson's Standing Order Regarding 28 U.S.C. § 455(b)(2) and Canon 3(C)(1)(b) of the Code of Conduct for United States Judges.** Counsel for all parties have reviewed and complied with Judge Evanson's Standing Order Regarding 28 U.S.C. § 455(b)(2) and Canon 3(C)(1)(b) of the Code of Conduct for United States Judges.

JOINT RULE 26(F) REPORT
(3:24-CV-05745-KKE) - 9

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
(206) 905 7000

RESPECTFULLY SUBMITTED AND DATED this 12th day of November, 2024.

| NICK MAJOR LAW | QUINN EMANUEL URQUHART & SULLIVAN LLP |
|---|---|
| */s/ Nick Major* | */s/ Alicia Cobb* |
| Nick Major<br>450 Alaskan Way S. #200<br>Seattle, WA 98104<br>Telephone: (206)410-5688<br>E-mail: nick@nickmajorlaw.com | Alicia Cobb, WSBA #48685<br>1109 First Avenue, Suite 210<br>Seattle, Washington 98101<br>Phone (206) 905-7000<br>Fax (206) 905-7100<br>aliciacobb@quinnemanuel.com |
| Frank S. Hedin (*pro hac vice*)<br>1395 Brickell Ave, Suite 610<br>Miami, Florida 33131<br>Telephone: (305)357-2107<br>E-mail: fhedin@hedinllp.com | Shon Morgan (*Pro Hac Vice*)<br>John W. Baumann (*Pro Hac Vice*)<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, California 90017<br>Phone (213) 443-3000<br>Fax (213) 443-3100<br>shonmorgan@quinnemanuel.com<br>jackbaumann@quinnemanuel.com |
| Tyler K. Somes (*pro hac vice*)<br>1100 15th Street NW, Ste 04-108<br>Washington, D.C. 20005<br>Telephone: (202)900-3331<br>E-mail: tsomes@hedinllp.com | Cristina A. Henriquez (*Pro Hac Vice*)<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, California 94065<br>Phone (650) 801-5000<br>Fax (650) 801-5100<br>cristinahenriquez@quinnemanuel.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendant ZoomInfo Technologies Inc.* |

IT IS SO ORDERED.

DATED this _____ day of November, 2024.

KYMBERLY EVANSON
UNITED STATES DISTRICT JUDGE

JOINT RULE 26(F) REPORT
(3:24-CV-05745-KKE) - 10

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
(206) 905 7000

**CERTIFICATE OF SERVICE**

I hereby certify that on November 12, 2024, I caused a true and correct copy of the foregoing to be filed in this Court's CM/ECF system, which sent notification of such filing to counsel of record.

DATED November 12, 2024.

>                /s/ Alicia Cobb
>                Alicia Cobb, WSBA #48685

JOINT RULE 26(F) REPORT
(3:24-CV-05745-KKE) - 11

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
(206) 905 7000