THE HONORABLE KYMBERLY EVANSON

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| MEMARY LAROCK, and JAMIE LIGGIO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ZOOMINFO TECHNOLOGIES LLC,<br><br>Defendant. | Civil Action No. 3:24-cv-05745-KKE<br><br>**STIPULATION AND ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION**<br><br>NOTE ON MOTION CALENDAR:<br><br>July 22, 2025 |

I. **PURPOSES AND LIMITATIONS**

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, Memary LaRock and Jamie Liggio ("Plaintiffs"), and Defendant ZoomInfo Technologies LLC ("Defendant" or "ZoomInfo," and collectively with Plaintiffs, the "Parties") hereby stipulate to and petition the Court to enter the following Stipulation and [Proposed] Order for the Production and Exchange of Confidential Information. It does not confer blanket protection on all disclosures or responses to discovery. The Parties acknowledge that this agreement is consistent with Local Civil Rule 26(c). The protection it affords from public disclosure and use extends only to the limited information or

STIP. AND ORDER FOR PROD. AND
EXCHANGE OF CONF. INFO.
Case No. 3:24-cv-05745-KKE                    -1-

HEDIN LLP
1395 Brickell Ave, Suite 610
Miami, Florida 33131
Telephone: (305) 357-2107

items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

## II. "CONFIDENTIAL" MATERIAL

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged:

1. Trade secrets or proprietary business information, including but not limited to information related to ZoomInfo's database, products, and services and processes related to the same;

2. Competitively sensitive information, including but not limited to financial information related to pricing and costs, profit margins, marketing strategies and research;

3. Data ZoomInfo stores in relation to its database, products, and services and processes related to the same, including but not limited to website analytics and customer information;

4. Other information the disclosure of which would, in the good faith judgment of the Party designating the material as Confidential, be detrimental to that Party's personal privacy, the conduct of that Party's business, or the business of any of that Party's customers or clients.

## III. SCOPE

The protections conferred by this agreement cover not only Confidential material (as defined above), but also: (a) any information copied or extracted from Confidential material; (b) all copies, excerpts, summaries, or compilations of Confidential material; and (c) any testimony, conversations, or presentations by Parties or their counsel that might reveal Confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

## IV. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

1. <u>Basic Principles.</u> A receiving Party may use Confidential material that is disclosed or produced by another Party or by a non-party in connection with this case only for

STIP. AND [PROPOSED] ORDER FOR
PROD. AND EXCHANGE OF CONF. INFO.
Case No. 3:24-cv-05745-KKE           -2-

HEDIN LLP
1395 Brickell Ave, Suite 610
Miami, Florida 33131
Telephone: (305) 357-2107

prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

2. <u>Disclosure of "CONFIDENTIAL" Information or Items.</u> Unless otherwise ordered by the Court or permitted in writing by the designating Party, a receiving Party may disclose any Confidential material only to:

(a) The receiving Party's counsel in this action, as well as their associated attorneys, paralegals, and other professional personnel (including support staff) who are directly assisting counsel in the preparation of this action for trial or other proceeding herein, are under the supervision of control of such counsel, and who have been advised by such counsel of their obligations hereunder;

(b) The officers, directors, and employees (including in-house counsel) of the receiving Party actually engaged in assisting in the preparation of this action for trial or other proceeding herein and who have been advised of their obligations hereunder;

(c) Experts and consultants retained by the Parties or their counsel to furnish technical or expert services in connection with this action, and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(d) The Court, its personnel, court reporters, and their staff;

(e) An officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical, or other personnel of such officer;

(f) Copy or imaging services retained by counsel to assist in the duplication of Confidential material, provided that counsel for the Party retaining the copy or imaging service instructs the service not to disclose any Confidential material to third parties and to immediately return all originals and copies of any Confidential material;

(g) During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgement and Agreement to Be Bound"

STIP. AND [PROPOSED] ORDER FOR
PROD. AND EXCHANGE OF CONF. INFO.
Case No. 3:24-cv-05745-KKE        -3-

HEDIN LLP
1395 Brickell Ave, Suite 610
Miami, Florida 33131
Telephone: (305) 357-2107

(Exhibit A), unless otherwise agreed by the designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(h) The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

3. <u>Filing Confidential Material.</u> Before filing any Confidential material or discussing or referencing such material in court filings, the filing Party shall confer with the designating Party to determine whether the designating Party will remove the Confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the court to file material under seal.

4. <u>Using Confidential Material in Court.</u> Should the need arise for any of the Parties to disclose Confidential information during any hearing or trial before the Court, including through argument or the presentation of evidence, such Party may do so only after taking such steps as the Court, upon motion of the disclosing Party, shall deem necessary to preserve the confidentiality of Confidential information.

V. **DESIGNATING PROTECTED MATERIAL**

1. <u>Exercise of Restraint and Care in Designating Material for Protection.</u> Each Party or non-Party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

STIP. AND [PROPOSED] ORDER FOR
PROD. AND EXCHANGE OF CONF. INFO.
Case No. 3:24-cv-05745-KKE                -4-

HEDIN LLP
1395 Brickell Ave, Suite 610
Miami, Florida 33131
Telephone: (305) 357-2107

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other Parties) expose the designating Party to sanctions.

If it comes to a designating Party's attention that information or items that it designated for protection do not qualify for protection, the designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

2. <u>Manner and Timing of Designations.</u> Except as otherwise provided in this agreement, or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a) <u>Information in documentary form:</u> (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating Party must affix the word "CONFIDENTIAL" to each page that contains Confidential material.

(b) <u>Testimony given in deposition or in other pretrial or trial proceedings:</u> All depositions shall presumptively be treated as Confidential information and subject to the stipulation during the deposition and for a period of fifteen days after a final transcript of said deposition is received by counsel for each of the Parties. At or before the end of such fifteen day period, the deposition, or pages thereof, may be classified for future purposes as Confidential information by any Party.

(c) <u>Other tangible items:</u> the producing Party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing Party, to the extent practicable, shall identify the protected portion(s).

3. <u>Inadvertent Failures to Designate.</u> If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating Party's

STIP. AND [PROPOSED] ORDER FOR
PROD. AND EXCHANGE OF CONF. INFO.
Case No. 3:24-cv-05745-KKE          -5-

HEDIN LLP
1395 Brickell Ave, Suite 610
Miami, Florida 33131
Telephone: (305) 357-2107

right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving Party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

## VI.  CHALLENGING CONFIDENTIALITY DESIGNATIONS

1. <u>Timing of Challenges.</u>  Any Party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

2. <u>Meet and Confer.</u>  The Parties must make every attempt to resolve any dispute regarding confidentiality designations without court involvement. Any motion regarding confidentiality designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with the other affected Parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

3. <u>Judicial Intervention.</u>  If the Parties cannot resolve a challenge without court intervention, the designating Party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other Parties) may expose the challenging Party to sanctions. All Parties shall continue to maintain the material in question as Confidential until the court rules on the challenge.

## VII.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

STIP. AND [PROPOSED] ORDER FOR
PROD. AND EXCHANGE OF CONF. INFO.
Case No. 3:24-cv-05745-KKE                    -6-

HEDIN LLP
1395 Brickell Ave, Suite 610
Miami, Florida 33131
Telephone: (305) 357-2107

If a Party is served with a subpoena or court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

    a.    Promptly notify the designating Party in writing and include a copy of the subpoena or court order;

    b.    Promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

    c.    Cooperate with respect to all reasonable procedures sought to be pursued by the designating Party whose Confidential material may be affected.

## VIII. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential material to any person or in any circumstance not authorized under this agreement, the receiving Party must immediately:

    1.    Notify in writing the designating Party of the unauthorized disclosures;

    2.    Use its best efforts to retrieve all unauthorized copies of the protected material;

    3.    Inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement; and

    4.    Request that such person or persons execute the "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A.

## IX. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

Pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the

STIP. AND [PROPOSED] ORDER FOR
PROD. AND EXCHANGE OF CONF. INFO.
Case No. 3:24-cv-05745-KKE
-7-
HEDIN LLP
1395 Brickell Ave, Suite 610
Miami, Florida 33131
Telephone: (305) 357-2107

attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

X. **NON-TERMINATION AND RETURN OF DOCUMENTS**

Within 60 days after the termination of this action, including all appeals, each receiving Party must return all Confidential material to the producing Party, including all copies, extracts and summaries thereof. Alternatively, the Parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating Party agrees otherwise in writing or a court orders otherwise.

STIP. AND [PROPOSED] ORDER FOR
PROD. AND EXCHANGE OF CONF. INFO.
Case No. 3:24-cv-05745-KKE         -8-

HEDIN LLP
1395 Brickell Ave, Suite 610
Miami, Florida 33131
Telephone: (305) 357-2107

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED July 21, 2025.

| | |
|---|---|
| /s/ Nick Major | /s/ Alicia Cobb |
| Nick Major | Alicia Cobb, WSBA #48685 |
| 450 Alaskan Way S. #200 | QUINN EMANUEL URQUHART & |
| Seattle, WA 98104 | SULLIVAN, LLP |
| Telephone: (206)410-5688 | 1109 First Avenue, Suite 210 |
| E-mail: nick@nickmajorlaw.com | Seattle, Washington 98101 |
| NICK MAJOR LAW | Phone (206) 905-7000 |
| | Fax (206) 905-7100 |
| Frank S. Hedin (*pro hac vice*) | aliciacobb@quinnemanuel.com |
| 1395 Brickell Ave, Suite 610 | |
| Miami, Florida 33131 | Shon Morgan (*pro hac vice*) |
| Telephone: (305)357-2107 | John W. Baumann (*pro hac vice*) |
| E-mail: fhedin@hedinllp.com | 865 South Figueroa Street, 10th Floor |
| HEDIN LLP | Los Angeles, California 90017 |
| | Phone (213) 443-3000 |
| Tyler K. Somes (*pro hac vice*) | Fax (213) 443-3100 |
| Jason Shi (*pro hac vice*) | shonmorgan@quinnemanuel.com |
| 1100 15th Street NW, Ste 04-105K | jackbaumann@quinnemanuel.com |
| Washington, D.C. 20005 | |
| Telephone: (202)900-3331 | *Attorneys for Defendant ZoomInfo* |
| E-mail: tsomes@hedinllp.com | *Technologies LLC* |
| HEDIN LLP | |

*Attorneys for Plaintiff*

IT IS SO ORDERED.

Dated this 23rd of July, 2025.

*[signature: Kymberly K Evanson]*

Kymberly K. Evanson
United States District Judge

STIP. AND ORDER FOR PROD. AND
EXCHANGE OF CONF. INFO.
Case No. 3:24-cv-05745-KKE         -1-

HEDIN LLP
1395 Brickell Ave, Suite 610
Miami, Florida 33131
Telephone: (305) 357-2107

# EXHIBIT A

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was agreed to by the Parties in the case of *LaRock, et al. v. ZoomInfo Technologies LLC*, 3:24-cv-05745, in the United States District Court for the Western District of Washington on July 22, 2025.  I agree to comply with and be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of the Stipulated Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____