UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MEMARY LAROCK,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>ZOOMINFO TECHNOLOGIES LLC,<br><br>　　　　　　Defendant. | CASE NO. C24-5745-KKE<br><br>ORDER DENYING DEFENDANT'S MOTION TO CERTIFY INTERLOCUTORY APPEAL AND TO STAY PROCEEDINGS |

Plaintiff Memary LaRock sues ZoomInfo Technologies LLC ("ZoomInfo") for violating Washington's Personality Rights Act ("WPRA"), WASH. REV. CODE § 63.60.050. Dkt. No. 1. ZoomInfo seeks to appeal the Court's denial of its motion to strike the class allegations based on the WPRA's class action bar (Dkt. No. 31). Dkt. No. 33. The Court acknowledges that district courts in the Ninth Circuit have reached different decisions as to whether to apply Justice Scalia's plurality or Justice Steven's concurrence in *Shady Grove Orthopedic Associates., P.A. v. Allstate Insurance Co.*, 559 U.S. 393 (2010) to conduct the choice of law analysis. However, because the Court found that the WPRA's class action bar gives way to Federal Rule of Civil Procedure 23 under either *Shady Grove* analysis, and this Court's decision has been unanimously followed, ZoomInfo's motion to certify an appeal of this question fails. While courts and litigants could certainly benefit from clarity regarding the correct *Shady Grove* analysis to apply, an appeal of this order is not the appropriate mechanism to seek such guidance. The motion is denied.

ORDER DENYING DEFENDANT'S MOTION TO CERTIFY INTERLOCUTORY APPEAL AND TO STAY PROCEEDINGS - 1

## I. BACKGROUND

LaRock alleges ZoomInfo's free profile previews and free trials wrongly use LaRock's and other putative class members' names to advertise ZoomInfo's products and services. *See generally* Dkt. No. 1. ZoomInfo moved to dismiss the case under two exemptions in the WPRA (Dkt. No. 20) which the Court denied (Dkt. No. 31 at 4–7). ZoomInfo also moved to strike the class allegations on two bases. Dkt. No. 19. ZoomInfo argued that the WPRA includes a class action bar that applies in federal court and that the WPRA does not apply extraterritorially such that the multi-state class failed. *Id.* The Court denied both bases for ZoomInfo's motion to strike. Dkt. No. 31 at 7–17.

The Court's denial of the motion to strike based on the WPRA's class action bar began with an explanation of the WPRA's statutory structure, explaining that the first section of the statute grants individuals "a property right in the use of his or her name, voice, signature, photograph, or likeness." Wash. Rev. Code § 63.60.010. The statute then details the circumstances under which these rights are infringed. *Id.* § 63.60.050. In another section, the WPRA lists exemptions "[w]hen the chapter does not apply" that includes a section stating:

> It is no defense to an infringement action under this chapter that the use of an individual's or personality's name, voice, signature, photograph, or likeness includes more than one individual or personality so identifiable. However, the individuals or personalities complaining of the use shall not bring their cause of action as a class action.

*Id.* § 63.60.070(3).

The Court analyzed whether the WPRA class action bar or Rule 23 should govern in this federal action. The Court summarized the Supreme Court's 4-1-4 decision in *Shady Grove*, describing Justice Scalia's plurality and Justice Stevens's concurrence. Dkt. No. 31 at 8–9. The Court explained: "Justice Scalia would look only to the nature of the federal rule, while Justice Stevens urged an analysis of whether the state rule functions as a 'part of the State's definition of

ORDER DENYING DEFENDANT'S MOTION TO CERTIFY INTERLOCUTORY APPEAL AND TO STAY
PROCEEDINGS - 2

substantive rights and remedies.'" *Id.* at 9 (citing *Shady Grove*, 559 U.S. at 417 (Stevens, J., concurring)). The Court relied on *Martin v. Pierce County*, 34 F.4th 1125 (9th Cir. 2022) to find that the Ninth Circuit had implicitly adopted Justice Scalia's approach. *Id.* at 9–10. Applying that analysis, the Court held that Federal Rule of Civil Procedure 23 is a valid rule of procedure and thus governs over the WPRA, and denied the motion to strike on that basis. *Id.* at 11. The Court also acknowledged the "split of authority among our sister district courts" and determined that, even if Justice Stevens's concurrence governed, the WPRA class action bar would still fall. *Id.* at 10–12.

ZoomInfo now moves under 28 U.S.C. § 1292(b) for interlocutory appeal of two aspects of the Court's order denying its motion to strike: which *Shady Grove* opinion governs the analysis and, if Justice Stevens's controls, whether the WPRA class action bar or Rule 23 applies here. Dkt. No. 33 at 10. LaRock responded (Dkt. No. 42) and ZoomInfo replied (Dkt. No. 51). The Court heard oral argument on August 5, 2025 (Dkt. No. 57) and the issue is ripe for resolution.

## II. ANALYSIS

### A. Legal Standard

"[P]arties may take an interlocutory appeal when 'exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" *ICTSI Oregon, Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1130 (9th Cir. 2022) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)). To certify the interlocutory appeal of a non-final order, a court "must determine that the order meets the three certification requirements outlined in § 1292(b): '(1) that there be a controlling question of law, (2) that there be substantial grounds for difference of opinion [as to that question], and (3) that an immediate [resolution of that question] may materially advance the ultimate termination of the

litigation.'" *Id.* (quoting *In re Cement Antitrust Litig.* (MDL No. 296), 673 F.2d 1020, 1026 (9th Cir. 1981)).  The second requirement is determinative here.

**B.    There Is Not a Substantial Ground for Difference of Opinion Regarding the Application of the *Shady Grove* Analysis to the WPRA.**

The second prong of the interlocutory appeal analysis "is satisfied when 'novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions.'" *ICTSI*, 22 F.4th at 1130 (quoting *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011)). "For example, this prong is satisfied if 'the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.'" *Id.* (quoting *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010)).  ZoomInfo argues reasonable jurists might disagree on two questions addressed in the Court's order denying its motion to strike: "(1) whether Justice Scalia's or Justice Stevens's *Shady Grove* opinion governs, and (2) whether the WPRA's class action ban must give way to Rule 23 under Justice Stevens's analysis." Dkt. No. 33 at 10.  Because the Court found that Rule 23 governed regardless of which *Shady Grove* opinion controlled, ZoomInfo must demonstrate substantial grounds for differences of opinion on both questions to avoid certifying a question that would have no impact on the proceeding.  The Court analyzes each question in turn.

For the first question, reasonable jurists *have* disagreed on which *Shady Grove* opinion controls.  *See, e.g.*, *Lindstrom v. Polaris Inc.*, No. CV 23-137-BLG-SPW, 2024 WL 4275619, at *5 nn. 3–4 (D. Mont. Sep. 24, 2024) (collecting cases applying different analyses); *Murphy v. Toyota Motor Sales USA Inc.*, No. 2:20-cv-05892-VAP-ADSx, 2020 WL 10354129, at *6 (C.D. Cal. Nov. 24, 2020) (adopting and applying Justice Stevens's concurrence).  While this Court found the Ninth Circuit's decision in *Martin* "implicitly adopt[ed]" Justice Scalia's plurality (Dkt.

ORDER DENYING DEFENDANT'S MOTION TO CERTIFY INTERLOCUTORY APPEAL AND TO STAY PROCEEDINGS - 4

No. 31 at 9), *Martin* did not explicitly resolve this issue. 34 F.4th at 1132. Since *Martin*, other courts have continued to apply Justice Stevens's concurrence or otherwise recognize that the Ninth Circuit has not decided which *Shady Grove* analysis to apply. *See In re HIV Antitrust Litig.*, No. 19-cv-02573-EMC, 2022 WL 22609107, at *17 (N.D. Cal. Sep. 27, 2022) (applying Justice Stevens's concurrence and finding Arkansas's consumer protection statute's class action bar applied); *Lindstrom*, 2024 WL 4275619, at *5 ("The Ninth Circuit has yet to address what opinion from *Shady Grove* is controlling."); *see also Casun Inv., A.G. v. Ponder*, 119 F.4th 637, 648 (9th Cir. 2024) (explaining that in *Shady Grove* "the Justices in the majority did not even agree as to the standards governing that inquiry" and that "[i]n this case, however, we need not wade into any such issue"). There is substantial ground for difference of opinion on which *Shady Grove* analysis to apply when a state and federal rule conflict.

In contrast, there is not a substantial ground for a difference of opinion on whether the WPRA class action bar would apply under Justice Stevens's concurrence. Three courts in this district have confirmed that Rule 23 controls under either *Shady Grove* analysis. *See* Dkt. No. 31 at 11–12; *Carrera v. Whitepages, Inc.*, No. 2:24-cv-01408-JHC, 2025 WL 1796574, at *13 (W.D. Wash. June 30, 2025) ("Rule 23 displaces the [WPRA's] class action bar under either Justice Scalia's or Justice Stevens's approaches."); *Sant v. RocketReach LLC*, No. C24-1626-RSM, 2025 WL 1898926, at *8 (W.D. Wash. July 9, 2025) (same). ZoomInfo does not contend any court has found otherwise. *See* Dkt. No. 51 at 8–9. And while ZoomInfo is correct that the Court can certify questions without conflicting case law, *see Reese*, 643 F.3d at 688, ZoomInfo does not provide authority to support certifying the appeal of a question on which multiple courts have unanimously agreed.

Moreover, other state class action bars that have been applied in federal court do not involve sufficiently analogous statutory language to the WPRA's class action bar to support a

ORDER DENYING DEFENDANT'S MOTION TO CERTIFY INTERLOCUTORY APPEAL AND TO STAY PROCEEDINGS - 5

substantial ground for difference of opinion. *See, e.g.*, *Gonzalez v. Am. Honda Motor Co.*, 720 F. Supp. 3d 833, 847 (C.D. Cal. 2024) (enforcing South Carolina class action ban that explains an action for damages can be brought "individually, but not in a representative capacity"); *HIV Antitrust Litig.*, 2022 WL 22609107, at *17 (enforcing Arkansas's consumer protection statute's class action bar when it appeared in the same statutory provision that created the substantive right); *Ford v. Hyundai Motor Am.*, 2021 WL 7448507, at *27–28 (C.D. Cal. Oct. 5, 2021) (enforcing the class action bar in Colorado's consumer protection law that states "Except in a class action" before defining liability and an Alabama class action bar that "expressly states that it is intended to act as a substantive limitation on the substantive rights created by the statute"); *Jones v. Micron Tech. Inc.*, 400 F. Supp. 3d 897, 926–27 (N.D. Cal. 2019) (enforcing Illinois Antitrust Act's requirement that any class action on behalf of indirect purchasers be brought by the state Attorney General, because that language was "incorporated in the same statutory provision as the underlying right"); *Delgado v. Ocwen Loan Servicing, LLC*, No. 13-CV-4427 (NGG) (ST), 2017 WL 5201079, at *10 (E.D.N.Y. Nov. 9, 2017) (enforcing Alabama, Georgia, and Tennessee consumer protection law class action bars because each statute includes the bar in the statutory definition of the substantive right); *Davenport v. Charter Commc'ns, LLC*, 35 F. Supp. 3d 1040, 1051 (E.D. Mo. 2014) ("[T]he Kentucky [Wage and Hours] Act's class action restriction is found within the very statutory provision that authorizes a private right of action[.]"). Unlike these state statutes, the WPRA's class action bar appears in the second sentence of a prohibited defense and not in the section defining the substantive right. WASH. REV. CODE § 63.60.070(3).

Accordingly, ZoomInfo fails to show exceptional circumstances warranting interlocutory review. *See Hill v. LLR, Inc.*, No. CV 18-120-GF-BMM-KLD, 2019 WL 5190983, at *4 (D. Mont. Oct. 9, 2019) (denying motion to certify question of whether the Montana Consumer Protection Act class action ban governs in federal court), *report and recommendation adopted*, No. CV 18-

120-GF-BMM-KLD, 2019 WL 6114237 (D. Mont. Nov. 18, 2019). "[ZoomInfo] can raise its concerns with [the] class claim at the class certification stage of this litigation." *Id.* (citing Fed. R. Civ. P. 23(f) ("A court of appeals may permit an appeal from an order granting or denying class-action certification under this rule.")).

### III. CONCLUSION

For these reasons, the Court DENIES Defendant's motion for interlocutory appeal. Dkt. No. 33.

Dated this 25th day of August, 2025.

_Kymberly K. Evanson_
Kymberly K. Evanson
United States District Judge