THE HONORABLE KYMBERLY EVANSON

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

MEMARY LAROCK and JAMIE LIGGIO, individually and on behalf of all others similarly situated,

      Plaintiffs,

v.

ZOOMINFO TECHNOLOGIES LLC,

      Defendant.

Case No. 3:24-cv-05745-KKE

**ZOOMINFO TECHNOLOGIES LLC's ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES
(3:24-CV-05745-KKE)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

**ANSWER**

By and through its undersigned counsel, and in response to the Second Amended Complaint filed on December 8, 2025 by plaintiffs Memary LaRock and Jamie Liggio in the above-captioned proceedings (Dkt. 60, "Complaint"), defendant ZoomInfo Technologies LLC, generally denies plaintiffs' allegations that ZoomInfo violated Washington's Personality Rights Act, RCW 63.60.050.  ZoomInfo denies each and every allegation in the Complaint except as expressly admitted below.  ZoomInfo answers the Complaint and sets forth its affirmative defenses as follows:

## I.      NATURE OF ACTION

1.      Answering paragraph 1, no response is required as to the statements of legal standards or legal conclusions.  To the extent a response is required, ZoomInfo denies it is using plaintiffs' or the proposed class's "names and other personally identifying information" "to advertise and promote its products and services."  ZoomInfo lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding plaintiffs and the proposed class, and therefore denies those allegations.

2.      Answering paragraph 2, ZoomInfo admits it sells subscriptions to its ZoomInfo platform, which provides access to a database of information and other products.  ZoomInfo denies plaintiffs' characterizations of these facts.  Other than as specifically admitted, each and every allegation contained therein is denied.

3.      Answering paragraph 3, no response is required as to the statements of legal standards or legal conclusions.  To the extent a response is required, ZoomInfo denies it "uses these individuals' names and corresponding PII to advertise and promote subscriptions to its products and services."  ZoomInfo lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding plaintiffs and the proposed class, and therefore denies those allegations.  Other than as specifically admitted, each and every allegation contained therein is denied.

DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES
(3:24-CV-05745-KKE)

1

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

4.      Answering paragraph 4, ZoomInfo admits profile previews may contain a name, employer, and other information.  ZoomInfo admits there are millions of profile previews.  ZoomInfo denies plaintiffs' characterization of these facts.  Other than as specifically admitted, each and every allegation contained therein is denied.

5.      Answering paragraph 5, no response is required as to the statements of legal standards or legal conclusions.  To the extent a response is required, ZoomInfo admits profile previews may display its subject's name and other information.  The information available in preview profiles varies.  ZoomInfo denies plaintiffs' characterizations of these facts.  Other than as specifically admitted, each and every allegation contained therein is denied.

6.      Answering paragraph 6, ZoomInfo admits profile previews may contain buttons and hyperlinks, such as a button to "Contact Sales."  ZoomInfo denies plaintiffs' characterizations of these facts.  Other than as specifically admitted, each and every allegation contained therein is denied.

7.      Answering paragraph 7, no response is required as to the statements of legal standards or legal conclusions.  To the extent a response is required, ZoomInfo admits it offers "free trials" of its subscription services, which contain names and other information of certain profiles in ZoomInfo's business contact database which is comprised of millions of profiles.  ZoomInfo denies plaintiffs' characterizations of these facts.  Other than as specifically admitted, each and every allegation contained therein is denied.

8.      Answering paragraph 8, no response is required as to the statements of legal standards or legal conclusions.  To the extent a response is required, ZoomInfo denies it is using plaintiffs' or the proposed class's "names and corresponding personally identifying information" "to advertise and sell subscriptions to its platform."  ZoomInfo lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding plaintiff and the proposed class, and therefore denies those allegations.  Other than as specifically admitted, each and every allegation contained therein is denied.

DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES
(3:24-CV-05745-KKE)

2

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

9.	Answering paragraph 9, no response is required as to the statements of legal standards or legal conclusions.  To the extent a response is required, ZoomInfo admits its corporate headquarters and principal place of business are in Washington.  ZoomInfo denies plaintiffs' characterizations of these facts.  Other than as specifically admitted, each and every allegation contained therein is denied.

10.	Answering paragraph 10, no response is required as to the statements of legal standards or legal conclusions.  ZoomInfo lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding plaintiffs and the proposed class, and therefore denies those allegations.  Other than as specifically admitted, each and every allegation contained therein is denied.

## II.	PARTIES

11.	Answering paragraph 11, ZoomInfo admits it is a Delaware corporation that is headquartered and has its principal place of business in Vancouver, Washington.  ZoomInfo admits it owns and operates the website Zoominfo.com, where it advertises and sells products and services to persons throughout the United States.  Other than as specifically admitted, each and every allegation contained therein is denied.

12.	Answering paragraph 12, ZoomInfo lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding plaintiff Memary LaRock's place of residence and citizenship and, on that basis, denies the allegation.

13.	Answering paragraph 13, ZoomInfo lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding plaintiff Jamie Liggio's place of residence and citizenship and, on that basis, denies the allegation.

## III.	JURISDICTION AND VENUE

14.	Answering paragraph 14, no response is required as to the statements of legal standards or legal conclusions.  To the extent a response is required, ZoomInfo challenges the Court's subject matter jurisdiction based on plaintiffs' lack of standing, but does not otherwise challenge jurisdiction under the Class Action Fairness Act.

DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES
(3:24-CV-05745-KKE)

3

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

15.     Answering paragraph 15, no response is required as to the statements of legal standards or legal conclusions. To the extent a response is required, it is admitted that the Court has general personal jurisdiction over ZoomInfo and that its headquarters is located in Vancouver, Washington, which is within this judicial District.

## IV.     APPLICABLE STATUTORY SCHEME

16.     Answering paragraph 16, no response is required as to the statements of legal standards or legal conclusions. To the extent a response is required, each and every allegation contained therein is denied. The statute speaks for itself.

17.     Answering paragraph 17, no response is required as to the statements of legal standards or legal conclusions. To the extent a response is required, each and every allegation contained therein is denied. The statute speaks for itself.

18.     Answering paragraph 18, no response is required as to the statements of legal standards or legal conclusions. To the extent a response is required, each and every allegation contained therein is denied. The statute speaks for itself.

19.     Answering paragraph 19, no response is required as to the statements of legal standards or legal conclusions. To the extent a response is required, each and every allegation contained therein is denied. The statute speaks for itself.

20.     Answering paragraph 20, no response is required as to the statements of legal standards or legal conclusions. To the extent a response is required, each and every allegation contained therein is denied. ZoomInfo lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding plaintiffs and the proposed class, and therefore denies those allegations.

## V.     FACTUAL BACKGROUND

21.     Answering paragraph 21, ZoomInfo admits its January 22, 2019 "Press Release" titled "ZoomInfo Opens New Corporate Headquarters" states, among other things, that ZoomInfo is the "leading data intelligence platform for sales and go-to-market organizations." Other than as specifically admitted, each and every allegation contained therein is denied.

DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES
(3:24-CV-05745-KKE)

4

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

22.    Answering paragraph 22, ZoomInfo admits paying subscribers to ZoomInfo can access a database of information, which may include names, email addresses, phone numbers, physical addresses, and employers.  The information available varies.  ZoomInfo admits a webpage on Zoominfo.com called "Find Emails and Phone Numbers of Professionals in United States" states, among other things, that ZoomInfo's "database provides access to over 209 million professional profiles."  ZoomInfo admits that page 24 of the ZoomInfo Technologies Inc. Registration Statement states, among other things, that ZoomInfo's "products and services rely heavily on the collection and use of information to provide effective insights to our customers and users."  Other than as specifically admitted, each and every allegation contained therein is denied.

23.    Answering paragraph 23, ZoomInfo admits it offers several suites of business-development products and services called "Sales," "Marketing," and "Talent."  Other than as specifically admitted, each and every allegation contained therein is denied.

24.    Answering paragraph 24, no response is required as to the statements of legal standards or legal conclusions.  To the extent a response is required, ZoomInfo admits its business-developments products are available on a subscription basis.  Other than as specifically admitted, each and every allegation contained therein is denied.

25.    Answering paragraph 25, no response is required as to the statements of legal standards or legal conclusions.  To the extent a response is required, ZoomInfo admits page 28 of the ZoomInfo Technologies Inc. Registration Statement states, among other things, that "[w]e derive 99% of our revenue from subscription services."  Other than as specifically admitted, each and every allegation contained therein is denied.

26.    Answering paragraph 26, ZoomInfo admits page 38 of ZoomInfo Technologies Inc.'s May 7, 2024 10-Q states "[w]e are focused on continuing to grow the number of customers that use our platform in the United States and around the world" and "[o]ur operating results and growth prospects will depend in part on our ability to continue to attract new customers."

DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES
(3:24-CV-05745-KKE)

5

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

ZoomInfo denies plaintiffs' characterizations of these quotes.  Other than as specifically admitted, each and every allegation contained therein is denied.

27.    Answering paragraph 27, no response is required as to the statements of legal standards or legal conclusions.  To the extent a response is required, each and every allegation contained therein is denied.

28.    Answering paragraph 28, no response is required as to the statements of legal standards or legal conclusions.  To the extent a response is required, each and every allegation contained therein is denied.

29.    Answering paragraph 29, no response is required as to the statements of legal standards or legal conclusions.  To the extent a response is required, ZoomInfo admits it makes available millions of profile previews, which are only accessible if searched and viewed.  Other than as specifically admitted, each and every allegation contained therein is denied.

30.    Answering paragraph 30, ZoomInfo admits profile previews may pertain to a particular person, and may contain certain business contact information (including a name, company, company headquarters telephone number, office address, job title, and education).  The information available in profile previews varies.  The information may be past or current.  ZoomInfo admits that a webpage titled "Notice of personal information processing" on it.brown.edu states, among other things, that "the categories of personal information that may be made publicly available include past or current name, company, company headquarters telephone number, office address, job title, and/or education" and "ZoomInfo processes this information for purposes of promoting our products."  ZoomInfo denies plaintiffs' characterizations of these quotes, including the added bracket "[on these pages]."  Other than as specifically admitted, each and every allegation contained therein is denied.

31.    Answering paragraph 31, ZoomInfo admits profile previews may include a person's name and other business contact information.  Other than as specifically admitted, each and every allegation contained therein is denied.

DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES
(3:24-CV-05745-KKE)

6

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

32.    Answering paragraph 32, no response is required as to the statements of legal standards or legal conclusions.  To the extent a response is required, ZoomInfo admits there is a business profile on the Zoominfo.com website corresponding to the name Memary LaRock.  ZoomInfo admits the profile preview of that profile, among other things, contains the name "Memary LaRock," a job title, an employer, and an employer's address.  The screenshot speaks for itself.  ZoomInfo admits that the challenged profile preview, which is available only if searched and viewed, contains buttons and hyperlinks with the words "Contact Sales," "Sign Up," and "Join Now."  ZoomInfo admits that the black circles in the complaint do not appear on the Zoominfo.com website.  ZoomInfo denies plaintiffs' characterizations of these facts.  Other than as specifically admitted, each and every allegation is denied.

33.    Answering paragraph 33, no response is required as to the statements of legal standards or legal conclusions.  To the extent a response is required, ZoomInfo admits there is a business profile on the Zoominfo.com website corresponding to the name Jamie Liggio.  ZoomInfo admits the profile preview of that profile, among other things, contains the name "Jamie Liggio," a job title, an employer, and an employer's address.  ZoomInfo denies plaintiffs' characterizations of these facts.  Other than as specifically admitted, each and every allegation is denied.

34.    Answering paragraph 34, no response is required as to the statements of legal standards or legal conclusions.  To the extent a response is required, ZoomInfo admits there are hyperlinks on some profile previews, which are available only when searched and viewed, with the words "Discover More," "View [Name's] fill profile," "Find more contacts," "View [Name's] Full Org Chart, "Send Email," "Find Buyers," "See Scoop," and "Get Full Access."  ZoomInfo denies plaintiffs' characterizations of these facts.  Other than as specifically admitted, each and every allegation contained therein is denied.

35.    Answering paragraph 35, no response is required as to the statements of legal standards or legal conclusions.  To the extent a response is required, each and every allegation therein is denied.

DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES
(3:24-CV-05745-KKE)

7

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

36. Answering paragraph 36, no response is required as to the statements of legal standards or legal conclusions. To the extent a response is required, each and every allegation therein is denied.

37. Answering paragraph 37, no response is required as to the statements of legal standards or legal conclusions. To the extent a response is required, ZoomInfo admits it generates revenue from sales of subscriptions. ZoomInfo denies plaintiffs' characterizations of these facts. Other than as specifically admitted, each and every allegation contained therein is denied.

38. Answering paragraph 38, ZoomInfo admits preview profiles may be accessible through Zoominfo.com and searching on search engines. Other than as specifically admitted, each and every allegation contained therein is denied.

39. Answering paragraph 39, ZoomInfo admits *The Lead Generation Strategy Guide* states, among other things, that "[a]lmost nobody clicks on business links that don't make the first page of Google results." ZoomInfo denies plaintiffs' characterizations of these facts. Other than as specifically admitted, each and every allegation contained therein is denied.

40. Answering paragraph 40, ZoomInfo admits page 32 of ZoomInfo Technologies Inc.'s "Registration Statement" states, among other things, "We rely heavily on internet search engines, such as Google, including through the purchase of sales and marketing-related keywords and the indexing of our public-facing directory pages and other web pages, to generate a significant portion of the traffic to our website." ZoomInfo denies plaintiffs' characterizations of these facts. Other than as specifically admitted, each and every allegation contained therein is denied.

41. Answering paragraph 41, no response is required as to the statements of legal standards or legal conclusions. To the extent a response is required, each and every allegation contained therein is denied.

42. Answering paragraph 42, no response is required as to the statements of legal standards or legal conclusions. To the extent a response is required, ZoomInfo admits there is a

business profile on the Zoominfo.com website corresponding to the name Memary LaRock. ZoomInfo admits that scrolling down this page, there is a section with LaRock's name and the words "ZoomInfo Copilot."  The screenshot speaks for itself.  ZoomInfo denies plaintiffs' characterizations of these facts.  Other than as specifically admitted, each and every allegation contained therein is denied.

43.    Answering paragraph 43, no response is required as to the statements of legal standards or legal conclusions.  To the extent a response is required, each and every allegation contained therein is denied.

44.    Answering paragraph 44, no response is required as to the statements of legal standards or legal conclusions.  To the extent a response is required, each and every allegation contained therein is denied.

45.    Answering paragraph 45, no response is required as to the statements of legal standards or legal conclusions.  To the extent a response is required, ZoomInfo admits certain preview profiles can contain the words "ZoomInfo Copilot."  ZoomInfo denies plaintiffs' characterizations of these facts.  Other than as specifically admitted, each and every allegation contained therein is denied.

46.    Answering paragraph 46, no response is required as to the statements of legal standards or legal conclusions.  To the extent a response is required, the screenshot speaks for itself.  ZoomInfo denies plaintiffs' characterizations of these facts.  Other than as specifically admitted, each and every allegation contained therein is denied.

47.    Answering paragraph 47, no response is required as to the statements of legal standards or legal conclusions.  To the extent a response is required, each and every allegation contained therein is denied.

48.    Answering paragraph 48, no response is required as to the statements of legal standards or legal conclusions.  To the extent a response is required, ZoomInfo admits certain preview profiles may contain a button with the word "Intent."  ZoomInfo denies plaintiffs'

DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES
(3:24-CV-05745-KKE)

9

characterizations of these facts. Other than as specifically admitted, each and every allegation contained therein is denied.

49.    Answering paragraph 49, no response is required as to the statements of legal standards or legal conclusions. To the extent a response is required, each and every allegation contained therein is denied.

50.    Answering paragraph 50, no response is required as to the statements of legal standards or legal conclusions. To the extent a response is required, each and every allegation contained therein is denied.

51.    Answering paragraph 51, no response is required as to the statements of legal standards or legal conclusions. To the extent a response is required, each and every allegation contained therein is denied.

52.    Answering paragraph 52, no response is required as to the statements of legal standards or legal conclusions. To the extent a response is required, ZoomInfo admits it has made available for viewing in Washington state certain preview profiles. Other than as specifically admitted, each and every allegation contained therein is denied.

53.    Answering paragraph 53, no response is required as to the statements of legal standards or legal conclusions. To the extent a response is required, each and every allegation contained therein is denied.

54.    Answering paragraph 54, no response is required as to the statements of legal standards or legal conclusions. To the extent a response is required, ZoomInfo admits its preview profiles may contain a person's name. ZoomInfo admits that person's name may appear in the URL for the preview profile. ZoomInfo admits that person's name may appear in the html source code. Plaintiffs' reference to page titles is too vague to enable ZoomInfo to understand what plaintiffs are referring to, and on that basis, ZoomInfo denies those allegations. The screenshot speaks for itself. ZoomInfo denies plaintiffs' characterizations of these facts. Other than as specifically admitted, each and every allegation contained therein is denied.

DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT AND
AFFIRMATIVE DEFENSES                    10
(3:24-CV-05745-KKE)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

55. Answering paragraph 55, no response is required as to the statements of legal standards or legal conclusions. To the extent a response is required, each and every allegation contained therein is denied.

56. Answering paragraph 56, no response is required as to the statements of legal standards or legal conclusions. To the extent a response is required, each and every allegation contained therein is denied.

57. Answering paragraph 57, no response is required as to the statements of legal standards or legal conclusions. To the extent a response is required, ZoomInfo admits the source code on preview profiles may contain the source code "content='index, follow.'" ZoomInfo denies plaintiffs' characterizations of these facts. Other than as specifically admitted, each and every allegation contained therein is denied.

58. Answering paragraph 58, no response is required as to the statements of legal standards or legal conclusions. To the extent a response is required, each and every allegation contained therein is denied.

59. Answering paragraph 59, ZoomInfo admits it uses Google Analytics to monitor ZoomInfo's public website activity. ZoomInfo further admits that for non-subscribers not using incognito-type browser settings or other do-not-track signals, ZoomInfo may log information about visitor sessions, which may include the referral source (if any), including whether the user was referred from Google or another search engine. Other than as specifically admitted, each and every allegation contained therein is denied.

60. Answering paragraph 60, ZoomInfo admits it uses Google Analytics to monitor ZoomInfo's public website activity. ZoomInfo further admits that for non-subscribers not using incognito-type browser settings or other do-not-track signals, ZoomInfo may log information about visitor sessions, which may include the referral source (if any), including whether the user was referred from Google or another search engine. Other than as specifically admitted, each and every allegation contained therein is denied.

DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES
(3:24-CV-05745-KKE)

11

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

61.    Answering paragraph 61, ZoomInfo admits its *ZoomInfo Privacy Policy* states, among other things, "When individuals visit our Site, our servers and/or those of our service providers automatically record certain information that the web browser sends, such as web request, Internet Protocol address, browser type, referring/exit pages and URLs, page loads and clicks, domain names, landing pages, pages viewed, time and date of use, and other information." Other than as specifically admitted, each and every allegation contained therein is denied.

62.    Answering paragraph 62, no response is required as to the statements of legal standards or legal conclusions. To the extent a response is required, each and every allegation contained therein is denied.

63.    Answering paragraph 63, no response is required as to the statements of legal standards or legal conclusions. To the extent a response is required, ZoomInfo admits that its directories can, at times, be searched through a publicly accessible search bar. ZoomInfo admits that the search bar has, at times, allowed users to search for names, including plaintiffs' names, as well as search by "Job Title," "Industry," and "City." The screenshot speaks for itself. ZoomInfo denies plaintiffs' characterizations of these facts. Other than as specifically admitted, each and every allegation contained therein is denied.

64.    Answering paragraph 64, ZoomInfo admits clicking "Search" after selecting two of three categories on ZoomInfo's search bar can result in a list of individuals meeting those criteria in the database. ZoomInfo lacks information or knowledge regarding the search in the complaint and, on that basis, denies these allegations. The screenshot speaks for itself. Other than as specifically admitted, each and every allegation contained therein is denied.

65.    Answering paragraph 65, no response is required as to the statements of legal standards or legal conclusions. To the extent a response is required, ZoomInfo admits clicking on a name appearing in the "free search" results leads to the preview profile for that person. ZoomInfo admits the preview profile contains hyperlinks to "Contact Sales," "Reveal

DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES
(3:24-CV-05745-KKE)

12

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

Information," and "Sign Up."  ZoomInfo denies plaintiffs' characterizations of these facts.  Other than as specifically admitted, each and every allegation contained therein is denied.

66.    Answering paragraph 66, ZoomInfo admits plaintiffs' names and business contact information were accessible in "free search" results.  Other than as specifically admitted, each and every allegation contained therein is denied.

67.    Answering paragraph 67, ZoomInfo lacks information or knowledge regarding whether plaintiffs' names and personally identifying information have been viewed by non-subscribers in the "free search" results provided to one or more non-subscriber visitor to ZoomInfo's website and, on that basis, denies those allegations.  Other than as specifically admitted, each and every allegation contained therein is denied.

68.    Answering paragraph 68, ZoomInfo admits it uses Google Analytics and may know whether non-subscribers not using incognito-type browser settings or other do-not-track signals visited plaintiffs' free-preview "profile" pages by clicking on a link to such page in the results page of a search performed using the "free search" tool on ZoomInfo's website.  Other than as specifically admitted, each and every allegation contained therein is denied.

69.    Answering paragraph 69, no response is required as to the statements of legal standards or legal conclusions.  To the extent a response is required, ZoomInfo admits its database includes millions of entries.  ZoomInfo denies plaintiffs' characterizations of these facts.  Other than as specifically admitted, each and every allegation contained therein is denied.

70.    Answering paragraph 70, ZoomInfo admits that for non-subscribers not using incognito-type browser settings or other do-not-track signals, it tracks when and from where each preview profile is viewed by a non-subscriber, the location from which the visitor to the page originated, such as a Google search results page or a list generated from a "free speech" query on ZoomInfo's website, and the total number of persons who have visited a particular preview profile.  Other than as specifically admitted, each and every allegation contained therein is denied.

DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES
(3:24-CV-05745-KKE)

13

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

71.    Answering paragraph 71, no response is required as to the statements of legal standards or legal conclusions.  To the extent a response is required, each and every allegation contained therein is denied.

72.    Answering paragraph 72, ZoomInfo lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding plaintiffs and the proposed class, and therefore denies those allegations.

73.    Answering paragraph 73, no response is required as to the statements of legal standards or legal conclusions.  To the extent a response is required, each and every allegation therein is denied.  ZoomInfo lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding plaintiffs and, on that basis, further denies those allegations.

74.    Answering paragraph 74, no response is required as to the statements of legal standards or legal conclusions.  To the extent a response is required, each and every allegation contained therein is denied.

75.    Answering paragraph 75, no response is required as to the statements of legal standards or legal conclusions.  To the extent a response is required, ZoomInfo admits that page 25 of the ZoomInfo Technologies Inc. Registration Statement states, among other things, that "[t]he costs of complying with existing or new data privacy or data protection laws and regulations may limit our ability to gather personal data needed to provide our products and services, the use and adoption of our products and services, reduce overall demand for our products and services, make it more difficult for us to meet expectations from or commitments to customers and users, lead to significant fines, penalties, or liabilities for noncompliance, impact our reputation, or slow the pace at which we close sales transactions, any of which could harm our business." ZoomInfo denies plaintiffs' characterizations of these facts and this quote, including plaintiffs' use of ellipses.  Other than as specifically admitted, each and every allegation contained therein is denied.

DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT AND
AFFIRMATIVE DEFENSES                  14
(3:24-CV-05745-KKE)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

76. Answering paragraph 76, no response is required as to the statements of legal standards or legal conclusions. To the extent a response is required, ZoomInfo admits it provides "free trials." ZoomInfo denies plaintiffs' characterizations of these facts. Other than as specifically admitted, each and every allegation contained therein is denied.

77. Answering paragraph 77, no response is required as to the statements of legal standards or legal conclusions. To the extent a response is required, ZoomInfo admits it provides a "free trial" and that the "free trial" provides users access to "Contact Profiles," which may contain the names and other business contact information of entries in ZoomInfo's database. ZoomInfo denies plaintiffs' characterizations of these facts. Other than as specifically admitted, each and every allegation contained therein is denied.

78. Answering paragraph 78, no response is required as to the statements of legal standards or legal conclusions. To the extent a response is required, ZoomInfo admits it provides time-limited "free trials," which may include names and other business contact information. ZoomInfo denies plaintiffs' characterizations of these facts. Other than as specifically admitted, each and every allegation contained therein is denied.

79. Answering paragraph 79, no response is required as to the statements of legal standards or legal conclusions. To the extent a response is required, ZoomInfo admits that Zoominfo.com contains buttons with the words "Free Trial" and "Contact Sales." The screenshot speaks for itself. ZoomInfo admits that the white circle in the complaint does not appear on the Zoominfo.com website. Other than as specifically admitted, each and every allegation contained therein is denied.

80. Answering paragraph 80, ZoomInfo admits clicking on the "Contact Sales" link located at the top of the ZoomInfo website allows users to enter their "Full Name," "Business Email," "Phone Number," and "Job Title." ZoomInfo admits that the page then states, "[a] rep will call you within 90 seconds to get your trial spun up." The screenshot speaks for itself. Other than as specifically admitted, each and every allegation contained therein is denied.

DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES
(3:24-CV-05745-KKE)

15

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

81.    Answering paragraph 81, ZoomInfo admits a ZoomInfo sales representative may call a user after clicking on the "Contact Sales" link located at the top of the ZoomInfo website. ZoomInfo admits the representative may set up a "free trial" for the user.

82.    Answering paragraph 82, no response is required as to the statements of legal standards or legal conclusions. To the extent a response is required, each and every allegation contained therein is denied.

83.    Answering paragraph 83, ZoomInfo admits enabling the "free trial" provides access to ZoomInfo's database, which includes millions of entries. ZoomInfo denies plaintiffs' characterizations of these facts. Other than as specifically admitted, each and every allegation contained therein is denied.

84.    Answering paragraph 84, ZoomInfo admits information is not redacted in the "free trial." ZoomInfo admits the free-trial information is viewable and may include names, email addresses, phone numbers, employers, addresses, and job titles of people in ZoomInfo's database. Other than as specifically admitted, each and every allegation contained therein is denied.

85.    Answering paragraph 85, ZoomInfo admits a pop-up appears when the "free trial" period begins that states how many days until access expires and states, "Please contact your account manager to renew your subscription." The screenshot speaks for itself. Other than as specifically admitted, each and every allegation contained therein is denied.

86.    Answering paragraph 86, ZoomInfo admits during the "free trial" period, "Upgrade Now" buttons may appear. ZoomInfo admits clicking an "Upgrade Now" button may prompt a message that a sales manager will be in touch soon, which may lead to a call from a sales representative. Other than as specifically admitted, each and every allegation contained therein is denied.

87.    Answering paragraph 87, ZoomInfo admits performing certain actions in the "free trial" period reduces the user's "credits." ZoomInfo admits that when a user runs out of credits,

DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES    16
(3:24-CV-05745-KKE)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

a pop-up message may appear which states, "Upgrade your plan."  The screenshot speaks for itself.  Other than as specifically admitted, each and every allegation contained therein is denied.

88.     Answering paragraph 88, no response is required as to the statements of legal standards or legal conclusions.  To the extent a response is required, ZoomInfo admits that when the "free trial" period ends, users lose certain access to ZoomInfo's platform.  The screenshot speaks for itself.  ZoomInfo denies plaintiffs' characterizations of these facts.  Other than as specifically admitted, each and every allegation contained therein is denied.

89.     Answering paragraph 89, no response is required as to the statements of legal standards or legal conclusions.  To the extent a response is required, ZoomInfo admits it offers a service called ZoomInfo Lite.  ZoomInfo denies plaintiffs' characterizations of these facts.  Other than as specifically admitted, each and every allegation contained therein is denied.

90.     Answering paragraph 90, ZoomInfo admits ZoomInfo Lite was formerly called the Community Edition of ZoomInfo.  Other than as specifically admitted, each and every allegation contained therein is denied.

91.     Answering paragraph 91, ZoomInfo admits the webpage *ZoomInfo Lite FAQs* on Zoominfo.com states, among other things, "ZoomInfo Lite is a program that gives you free, ongoing access to ZoomInfo's database of millions of B2B profiles."  Other than as specifically admitted, each and every allegation contained therein is denied.

92.     Answering paragraph 92, no response is required as to the statements of legal standards or legal conclusions.  To the extent a response is required, each and every allegation contained therein is denied.

93.     Answering paragraph 93, ZoomInfo admits users of ZoomInfo Lite receive limited access to ZoomInfo's platform.  Other than as specifically admitted, each and every allegation contained therein is denied.

94.     Answering paragraph 94, ZoomInfo admits users of ZoomInfo Lite receive a limited number of "credits" to access entries in ZoomInfo's database.  ZoomInfo admits paying

DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES                    17
(3:24-CV-05745-KKE)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

subscribers may access an unlimited number of entries in ZoomInfo's database. Other than as specifically admitted, each and every allegation contained therein is denied.

95. Answering paragraph 95, ZoomInfo admits a maximum of three individuals per organization may open accounts with ZoomInfo Lite. ZoomInfo admits paying subscribers may add more than three accounts per organization. Other than as specifically admitted, each and every allegation contained therein is denied.

96. Answering paragraph 96, ZoomInfo admits users of ZoomInfo Lite may view the names and other business contact information of entries in ZoomInfo's database, which includes addresses, place of employment, phone numbers, and email addresses. Other than as specifically admitted, each and every allegation contained therein is denied.

97. Answering paragraph 97, no response is required as to the statements of legal standards or legal conclusions. To the extent a response is required, each and every allegation contained therein is denied.

98. Answering paragraph 98, no response is required as to the statements of legal standards or legal conclusions. To the extent a response is required, ZoomInfo admits that page 30 of the ZoomInfo Technologies Inc. Registration Statement states, among other things, "We believe our revenue growth depends on a number of factors, including, but not limited to, our ability to: attract new customers; provide excellent customer experience; renew and grow current customer subscriptions." ZoomInfo denies plaintiffs' characterizations of these facts and this quote, including plaintiffs' use of ellipses. Other than as specifically admitted, each and every allegation contained therein is denied.

99. Answering paragraph 99, no response is required as to the statements of legal standards or legal conclusions. To the extent a response is required, each and every allegation contained therein is denied.

100. Answering paragraph 100, no response is required as to the statements of legal standards or legal conclusions. To the extent a response is required, ZoomInfo admits plaintiffs' name and other business contact information is accessible during the "free trial"-period and in

DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT AND
AFFIRMATIVE DEFENSES
(3:24-CV-05745-KKE)

18

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

ZoomInfo Lite.  The screenshot speaks for itself.  ZoomInfo denies plaintiffs' characterizations of these facts.  Other than as specifically admitted, each and every allegation contained therein is denied.

101.   Answering paragraph 101, no response is required as to the statements of legal standards or legal conclusions.  To the extent a response is required, each and every allegation contained therein is denied.

102.   Answering paragraph 102, no response is required as to the statements of legal standards or legal conclusions.  To the extent a response is required, ZoomInfo admits there is a "Contact Profile" on the Zoominfo.com website corresponding to the name Memary LaRock. ZoomInfo admits there are buttons on that "Contact Profile" stating, among other things, "Advanced Search," "Intent," "Lists," "WebSights," "FormComplete," "Org Chart," "Employees," "Technologies," "Chorus," "Email," and "Call."  The screenshot speaks for itself. ZoomInfo admits that the black circles in the complaint do not appear on the Zoominfo.com website.  ZoomInfo admits "Intent" is a feature that identifies companies which are searching for a subscriber's services, "Lists" is a feature where subscribers can upload and create lists of contact profiles, "WebSights" permits subscribers to track visitors to their website, "FormComplete" streamlines the completion of forms on a subscriber's website, "Org Chart" displays contacts within a company in an organizational chart format, the "Employees" view arranges database contacts in a list of people working for a single employer, "Technologies" provides a list of technologies used by the relevant individual's employer, "Chorus" is artificial intelligence designed to record, summarize, and analyze virtual meetings, "Email" provides a link to the ZoomInfo Copilot artificial intelligence layer and associated email sending integrations, and "Call" is a feature which dials a person's phone number.  ZoomInfo denies plaintiffs' characterizations of these facts.  Other than as specifically admitted, each and every allegation contained therein is denied.

DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT AND
AFFIRMATIVE DEFENSES                    19
(3:24-CV-05745-KKE)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

103.    Answering paragraph 103, no response is required as to the statements of legal standards or legal conclusions.  To the extent a response is required, each and every allegation contained therein is denied.

104.    Answering paragraph 104, no response is required as to the statements of legal standards or legal conclusions.  To the extent a response is required, ZoomInfo admits clicking on the "Chorus" link on LaRock's "Contact Profile" displays a new page.  The screenshot speaks for itself.  ZoomInfo denies plaintiffs' characterizations of these facts.  Other than as specifically admitted, each and every allegation contained therein is denied.

105.    Answering paragraph 105, no response is required as to the statements of legal standards or legal conclusions.  To the extent a response is required, each and every allegation contained therein is denied.

106.    Answering paragraph 106, ZoomInfo admits clicking the "Contact Us" button may result in a call from a ZoomInfo sales representative.  Other than as specifically admitted, each and every allegation contained therein is denied.

107.    Answering paragraph 107, no response is required as to the statements of legal standards or legal conclusions.  To the extent a response is required, each and every allegation contained therein is denied.  ZoomInfo lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding the proposed class and, on that basis, further denies those allegations.

108.    Answering paragraph 108, ZoomInfo admits that some of the features in LaRock's "Contact Profile" are also found in other people's "Contact Profiles" in ZoomInfo's database and that ZoomInfo's database includes millions of entries.  ZoomInfo denies plaintiffs' characterizations of these facts.  Other than as specifically admitted, each and every allegation contained therein is denied.

109.    Answering paragraph 109, no response is required as to the statements of legal standards or legal conclusions.  To the extent a response is required, ZoomInfo admits the "Contact Profiles" in the "free trial" period are not identical to the "Contact Profiles" in the

DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES
(3:24-CV-05745-KKE)

20

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

"free-preview" profile pages.  The statute speaks for itself.  ZoomInfo denies plaintiffs' characterizations of these facts.  Other than as specifically admitted, each and every allegation contained therein is denied.

110.    Answering paragraph 110, no response is required as to the statements of legal standards or legal conclusions.  To the extent a response is required, ZoomInfo admits it maintains system logs reflecting views of individual profiles for privacy compliance reasons.  ZoomInfo denies plaintiffs' characterizations of these facts.  Other than as specifically admitted, each and every allegation contained therein is denied.

111.    Answering paragraph 111, no response is required as to the statements of legal standards or legal conclusions.  To the extent a response is required, each and every allegation contained therein is denied.

112.    Answering paragraph 112, no response is required as to the statements of legal standards or legal conclusions.  To the extent a response is required, ZoomInfo lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding plaintiffs, and therefore denies those allegations.  ZoomInfo denies plaintiffs' characterizations of these facts.

113.    Answering paragraph 113, no response is required as to the statements of legal standards or legal conclusions.  To the extent a response is required, ZoomInfo lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding the proposed class, and therefore denies those allegations.  ZoomInfo denies plaintiffs' characterizations of these facts.

114.    Answering paragraph 114, no response is required as to the statements of legal standards or legal conclusions.  To the extent a response is required, ZoomInfo denies each and every allegation contained therein is denied.

115.    Answering paragraph 115, no response is required as to the statements of legal standards or legal conclusions.  To the extent a response is required, each and every allegation contained therein is denied.

DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT AND
AFFIRMATIVE DEFENSES
(3:24-CV-05745-KKE)                                21

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

116.    Answering paragraph 116, no response is required as to the statements of legal standards or legal conclusions.  To the extent a response is required, ZoomInfo lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding plaintiff, and therefore denies those allegations.  ZoomInfo denies plaintiffs' characterizations of these facts.

117.    Answering paragraph 117, no response is required as to the statements of legal standards or legal conclusions.  To the extent a response is required, each and every allegation contained therein is denied.

## VI.    CLASS ACTION ALLEGATIONS

118.    Answering paragraph 118, no response is required as to the statements of legal standards or legal conclusions.  To the extent a response is required, ZoomInfo admits that plaintiffs purport to bring this case as a class action and purport to define a class, but ZoomInfo denies that this case is appropriate for class adjudication and certification.  Rule 23 of the Federal Rules of Civil Procedure speaks for itself.  Other than as specifically admitted, each and every allegation contained therein is denied.

119.    Answering paragraph 119, no response is required as to the statements of legal standards or legal conclusions.  To the extent a response is required, ZoomInfo admits that plaintiffs purport to bring this case as a class action and purport to define a class, but ZoomInfo denies that this case is appropriate for class adjudication and certification.  Rule 23 of the Federal Rules of Civil Procedure speaks for itself.  Other than as specifically admitted, each and every allegation contained therein is denied.

120.    Answering paragraph 120, no response is required as to the statements of legal standards or legal conclusions.  To the extent a response is required, ZoomInfo admits that plaintiffs purport to bring this case as a class action and purport to define a class, but ZoomInfo denies that this case is appropriate for class adjudication and certification.  Rule 23 of the Federal Rules of Civil Procedure speaks for itself.  Other than as specifically admitted, each and every allegation contained therein is denied.

DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT AND
AFFIRMATIVE DEFENSES                22
(3:24-CV-05745-KKE)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

121.    Answering paragraph 121, no response is required as to the statements of legal standards or legal conclusions.  To the extent a response is required, ZoomInfo admits that plaintiffs purport to bring this case as a class action and purport to define a class, but ZoomInfo denies that this case is appropriate for class adjudication and certification.  Rule 23 of the Federal Rules of Civil Procedure speaks for itself.  Other than as specifically admitted, each and every allegation contained therein is denied.

122.    Answering paragraph 122, no response is required as to the statements of legal standards or legal conclusions.  To the extent a response is required, each and every allegation contained therein is denied.

123.    Answering paragraph 123, no response is required as to the statements of legal standards or legal conclusions.  To the extent a response is required, ZoomInfo admits that plaintiffs purport to exclude certain people from the putative "Viewed Free-Preview 'Profile' Page Class" and the "Viewed Free-Trial Class", but ZoomInfo denies this case is appropriate for class adjudication and certification.  Plaintiffs' reference to a "'bot' attack" is too vague to enable ZoomInfo to understand what plaintiffs are referring to,  and ZoomInfo denies that a "'bot' attack" would be identified in Defendant's records.  Other than as specifically admitted, each and every allegation contained therein is denied.

124.    Answering paragraph 124, no response is required as to the statements of legal standards or legal conclusions.  To the extent a response is required, ZoomInfo admits that plaintiffs purport to exclude certain people from the putative classes, but ZoomInfo denies this case is appropriate for class adjudication and certification.  Other than as specifically admitted, each and every allegation contained therein is denied.

125.    Answering paragraph 125, no response is required as to the statements of legal standards or legal conclusions.  To the extent a response is required, each and every allegation contained therein is denied.

126.    Answering paragraph 126, no response is required as to the statements of legal standards or legal conclusions.  To the extent a response is required, ZoomInfo lacks sufficient

DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES          23
(3:24-CV-05745-KKE)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

information or belief as to the number of directory profiles in its databases that correspond to members of the purported class, and therefore denies that allegation. ZoomInfo denies that this matter is proper for class adjudication and certification. Other than as specifically admitted, each and every allegation contained therein is denied.

127. Answering paragraph 127, no response is required as to the statements of legal standards or legal conclusions. To the extent a response is required, ZoomInfo lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding plaintiffs and the proposed class, and therefore denies those allegations. ZoomInfo denies that this matter is proper for class adjudication and certification. Answering further, each and every allegation contained therein is denied.

128. Answering paragraph 128, no response is required as to the statements of legal standards or legal conclusions. To the extent a response is required, each and every allegation contained therein is denied. ZoomInfo denies that this matter is proper for class adjudication and certification.

129. Answering paragraph 129, no response is required as to the statements of legal standards or legal conclusions. To the extent a response is required, each and every allegation contained therein is denied.

130. Answering paragraph 130, no response is required as to the statements of legal standards or legal conclusions. To the extent a response is required, each and every allegation contained therein is denied.

131. Answering paragraph 131, no response is required as to the statements of legal standards or legal conclusions. To the extent a response is required, each and every allegation contained therein is denied. ZoomInfo further denies that this matter is proper for class adjudication and certification.

## FIRST CLAIM FOR RELIEF
### Violation of Washington's Personality Rights Act, RCW 63.60.050
### (By Plaintiff Memary LaRock, Individually and On Behalf of the Published Free-Preview "Profile" Page Class and the Viewed Free-Preview "Profile" Page Class)

DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES
(3:24-CV-05745-KKE)

24

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

132. Answering paragraph 132 requires no response. To the extent a response is required, ZoomInfo incorporates its responses to all previous paragraphs as though fully set forth herein.

133. Answering paragraph 133, no response is required as to the statements of legal standards or legal conclusions. The cited statute speaks for itself.

134. Answering paragraph 134, no response is required as to the statements of legal standards or legal conclusions. The cited statute speaks for itself.

135. Answering paragraph 135, no response is required as to the statements of legal standards or legal conclusions. The cited statute speaks for itself.

136. Answering paragraph 136, no response is required as to the statements of legal standards or legal conclusions. To the extent a response is required, each and every allegation contained therein is denied.

137. Answering paragraph 137, no response is required as to the statements of legal standards or legal conclusions. To the extent a response is required, each and every allegation contained therein is denied.

138. Answering paragraph 138, no response is required as to the statements of legal standards or legal conclusions. To the extent a response is required, each and every allegation contained therein is denied.

139. Answering paragraph 139, no response is required as to the statements of legal standards or legal conclusions. The cited statute speaks for itself.

140. Answering paragraph 140, no response is required as to the statements of legal standards or legal conclusions. The cited statute speaks for itself.

141. Answering paragraph 141, no response is required as to the statements of legal standards or legal conclusions. To the extent a response is required, each and every allegation contained therein is denied.

142. Answering paragraph 142, no response is required as to the statements of legal standards or legal conclusions. The cited statute speaks for itself.

DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES
(3:24-CV-05745-KKE)

25

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

143.    Answering paragraph 143, no response is required as to the statements of legal standards or legal conclusions.  To the extent a response is required, each and every allegation contained therein is denied.

144.    Answering paragraph 144, no response is required as to the statements of legal standards or legal conclusions.  To the extent a response is required, each and every allegation contained therein is denied.

145.    Answering paragraph 145, no response is required as to the statements of legal standards or legal conclusions.  To the extent a response is required, each and every allegation contained therein is denied.

146.    Answering paragraph 146, no response is required as to the statements of legal standards or legal conclusions.  To the extent a response is required, each and every allegation contained therein is denied.

147.    Answering paragraph 147, no response is required as to the statements of legal standards or legal conclusions.  To the extent a response is required, each and every allegation contained therein is denied.

148.    Answering paragraph 148, no response is required as to the statements of legal standards or legal conclusions.  To the extent a response is required, each and every allegation contained therein is denied.

149.    Answering paragraph 149, ZoomInfo admits that plaintiffs purport to seek the relief set forth, but denies plaintiffs or the putative class are entitled to any such relief.  No response is required as to the statements of legal standards or legal conclusions.  ZoomInfo further denies that this case is appropriate for class treatment.  Other than as specifically admitted, ZoomInfo denies each and every allegation set forth herein.

**SECOND CLAIM FOR RELIEF**
**Violation of Washington's Personality Rights Act, RCW 63.60.050**
**(By Plaintiff Memary LaRock, Individually and On Behalf of the Published Free Trial Class and Viewed Free Trial Class)**

150.    Answering paragraph 150 requires no response.  To the extent a response is required, ZoomInfo incorporates its responses to all previous paragraphs as though fully set forth herein.

151.    Answering paragraph 151, no response is required as to the statements of legal standards or legal conclusions.  The cited statute speaks for itself.

152.    Answering paragraph 152, no response is required as to the statements of legal standards or legal conclusions.  The cited statute speaks for itself.

153.    Answering paragraph 153, no response is required as to the statements of legal standards or legal conclusions.  To the extent a response is required, each and every allegation contained therein is denied.

154.    Answering paragraph 154, no response is required as to the statements of legal standards or legal conclusions.  To the extent a response is required, each and every allegation contained therein is denied.

155.    Answering paragraph 155, no response is required as to the statements of legal standards or legal conclusions.  The cited statute speaks for itself.

156.    Answering paragraph 156, no response is required as to the statements of legal standards or legal conclusions.  The cited statute speaks for itself.

157.    Answering paragraph 157, no response is required as to the statements of legal standards or legal conclusions.  To the extent a response is required, each and every allegation contained therein is denied.

158.    Answering paragraph 158, no response is required as to the statements of legal standards or legal conclusions.  The cited statute speaks for itself.

159.    Answering paragraph 159, no response is required as to the statements of legal standards or legal conclusions.  To the extent a response is required, each and every allegation contained therein is denied.

DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES    27
(3:24-CV-05745-KKE)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

160.    Answering paragraph 160, no response is required as to the statements of legal standards or legal conclusions.  To the extent a response is required, each and every allegation contained therein is denied.

161.    Answering paragraph 161, no response is required as to the statements of legal standards or legal conclusions.  To the extent a response is required, each and every allegation contained therein is denied.

162.    Answering paragraph 162, no response is required as to the statements of legal standards or legal conclusions.  To the extent a response is required, each and every allegation contained therein is denied.

163.    Answering paragraph 163, no response is required as to the statements of legal standards or legal conclusions.  To the extent a response is required, each and every allegation contained therein is denied.

164.    Answering paragraph 164, no response is required as to the statements of legal standards or legal conclusions.  To the extent a response is required, each and every allegation contained therein is denied.

165.    Answering paragraph 165, no response is required as to the statements of legal standards or legal conclusions.  To the extent a response is required, each and every allegation contained therein is denied.

166.    Answering paragraph 166, ZoomInfo admits that plaintiffs purport to seek the relief set forth, but denies plaintiffs or the putative class are entitled to any such relief.  No response is required as to the statements of legal standards or legal conclusions.  ZoomInfo further denies that this case is appropriate for class treatment.  Other than as specifically admitted, ZoomInfo denies each and every allegation set forth herein.

### VII.    PRAYER FOR RELIEF

No response is required as to the Prayer for Relief.  To the extent any response is required, ZoomInfo denies that plaintiffs and the purported class are entitled to any relief and further denies each and every allegation contained therein.

DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT AND
AFFIRMATIVE DEFENSES
(3:24-CV-05745-KKE)

28

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

## VIII.  DEMAND FOR JURY TRIAL

No response is required as to plaintiffs' demand for a jury trial.

DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT AND
AFFIRMATIVE DEFENSES                                    29
(3:24-CV-05745-KKE)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

**<u>AFFIRMATIVE AND OTHER DEFENSES</u>**

1.       ZoomInfo sets forth the following defenses.  In asserting these defenses, ZoomInfo is not assuming the burden to establish any fact or propsition where that burden is properly imposed on plaintiff.  ZoomInfo reserves the right to assert additional defenses based on facts that are revealed during discovery.  Additional facts and evidence in support of the following defenses will be developed during discovery and presented in due course.

**FIRST DEFENSE**
**(Lack of Subject Matter Jurisdiction–Standing)**

2.       Plaintiff's claims are barred, in whole or in part, because plaintiff lacks standing to assert any or all of the causes of action alleged in the Complaint and lacks standing to recover on behalf of the purported classes and/or general public.

**SECOND DEFENSE**
**(No Injury or Damages)**

3.       ZoomInfo denies that plaintiff and/or any purported class members have suffered any injury or damage whatsoever, and further denies it is liable to plaintiff and/or any purported class member for any injury or damage.

**THIRD DEFENSE**
**(Failure to State a Claim Upon Which Relief Can be Granted)**

4.       The Complaint and each purported cause of action alleged therein fails to state facts sufficient to constitute a cause of action against ZoomInfo.

**FOURTH DEFENSE**
**(First Amendment)**

5.       The claims made in the Complaint are barred in whole or in part by the First Amendment to the Constitution of the United States.  Directory previews are fully protected by the First Amendment of the U.S. Constitution.  The publication of publicly available business contact and related information is newsworthy, informational, educational, noncommercial speech that is entitled to full First Amendment protection, regardless of whether access to the directory is sold for profit.  Plaintiff's alleged theory of liability, if given effect, would suppress

DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT AND
AFFIRMATIVE DEFENSES                                    30
(3:24-CV-05745-KKE)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

and censor speech protected by the First Amendment.

### FIFTH DEFENSE
### (Adequacy of Remedy at Law)

6. If plaintiff suffered any injuries or damages, those would be adequately compensated in an action at law for damages. Accordingly, plaintiff has a complete and adequate remedy at law and is not entitled to seek injunctive or equitable relief.

### SIXTH DEFENSE
### (Laches)

7. Plaintiff's claims are barred in whole or in part by the equitable doctrine of laches.

### SEVENTH DEFENSE
### (Waiver)

8. Plaintiff's claims are barred in whole or in part by the equitable doctrine of waiver.

### EIGHTH DEFENSE
### (Estoppel)

9. Plaintiff's claims are barred in whole or in part by the equitable doctrine of estoppel.

### NINTH DEFENSE
### (Unclean Hands)

10. Plaintiff's claims are barred in whole or in part by the equitable doctrine of unclean hands.

### TENTH DEFENSE
### (Statutes of Limitation)

11. The Complaint and all of the purported causes of action contained therein are barred in whole or in part by the applicable statutes of limitation.

### ELEVENTH DEFENSE
### (Failure to Mitigate Damages)

12. Plaintiff and/or purported class members have failed to take reasonable, necessary, appropriate, and feasible steps to mitigate their alleged damages, and to the extent of such failure to mitigate, plaintiff and/or purported class members should be barred from recovering some or all of the alleged damages they seek.

DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES
(3:24-CV-05745-KKE)

31

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

**TWELFTH DEFENSE**
**(Waiver and Release)**

13.    The Complaint and the purported causes of action alleged therein are barred to the extent plaintiff and/or purported class members have waived, released, relinquished, or abandoned any claim for relief against ZoomInfo with respect to the matters which are the subject of the Complaint.

**THIRTEENTH DEFENSE**
**(Class Action Is Inappropriate)**

14.    With respect to each and every allegation of the Complaint, as they relate to the request for class certification, class certification is not appropriate because there is a lack of:

    a)  Numerosity;

    b)  Commonality or community of interest;

    c)  Typicality;

    d)  An ascertainable class;

    e)  Adequate representation;

    f)  Appropriateness of relief to the putative class as a whole;

    g)  Predominance of common questions over questions affecting only individual class members;

    h)  Substantial benefit to the litigants and the court; and

    i)  Superiority of a class action over other available methods for fair and efficient adjudication.

**FOURTEENTH DEFENSE**
**(ZoomInfo's Practices Are Not Deceptive)**

15.    Any statements made by ZoomInfo were truthful and accurate and were not likely to mislead plaintiff, the purported class members, or the general public.

**FIFTEENTH DEFENSE**
**(Preemption)**

16.    Plaintiff's claims are barred in whole or in part by the doctrine of preemption.

DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT AND
AFFIRMATIVE DEFENSES                                    32
(3:24-CV-05745-KKE)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

## SIXTEENTH DEFENSE
### (Copyright Preemption)

17. Plaintiff's claims are preempted in whole or in part by the Copyright Act.

## SEVENTEENTH DEFENSE
### (Consent)

18. The Complaint and the purported causes of action alleged therein are barred to the extent plaintiff and/or purported class members consented to have the information at issue publicly distributed.

## EIGHTEENTH DEFENSE
### (Information At Issue Is Not Private)

19. The Complaint and the purported causes of action alleged therein are barred in whole or in part because the information at issue is not private and there has been no attempt to keep it private.

## NINETEENTH DEFENSE
### (Unjust Enrichment)

20. The Complaint and each purported cause of action alleged therein is barred because any recovery from ZoomInfo would result in plaintiff's or a putative class member's unjust enrichment.

## TWENTIETH DEFENSE
### (Ratification)

21. The alleged causes of action are barred in whole or in part because of ratification, agreement, assent, acquiescence or consent to ZoomInfo's alleged conduct.

## TWENTY-FIRST DEFENSE
### (Communications Decency Act)

22. The Complaint and each purported cause of action alleged therein is barred in whole or in part by the Communications Decency Act.

## TWENTY-SECOND DEFENSE
### (Indemnity)

23. If ZoomInfo is found in some manner responsible to plaintiff and/or the purported

DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT AND
AFFIRMATIVE DEFENSES                33
(3:24-CV-05745-KKE)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

class for the matters alleged in the Complaint, any such injury, damage, or other costs were proximately caused and contributed to by the negligence, fault, acts or omissions of other individuals or entities for whose conduct ZoomInfo is not responsible. Thus, ZoomInfo requests a court declaration of its right to be indemnified and held harmless by those persons or entities.

## TWENTY-THIRD DEFENSE
### (Lack of Proximate Causation)

24.    To the extent plaintiff suffered any injury by reason of publication of her business contact information and other related public information, those injuries were not proximately caused by ZoomInfo. Plaintiff is thus barred from recovery from ZoomInfo, in that any damage proven to have been sustained by plaintiff and/or the purported class was caused by the intervening action or actions of plaintiff, the purported class, and/or other persons or parties that were a superseding cause of their damages and not due to any act or omission on the part of ZoomInfo.

## TWENTY-FOURTH DEFENSE
### (Absence of Malice, Reckless Indifference or Fraud Precludes Punitive Damages)

25.    ZoomInfo has not acted with malice, reckless indifference, or fraud toward plaintiff and putative class members and, therefore, cannot be liable for punitive damages.

## TWENTY-FIFTH DEFENSE
### (Failure to Plead Facts Sufficient to Support Punitive Damages)

26.    Plaintiff and putative class members are not entitled to receive punitive damages because plaintiff did not plead facts sufficient to support such an award.

## TWENTY-SIXTH DEFENSE
### (Right of Publicity Statutory Exemptions)

27.    Plaintiff's and putative class members' Right of Publicity claim fails because ZoomInfo's challenged conduct is exempted from liability under Washington's Personality Rights Act, RCW 63.60.050. *See* Wash. Rev. Code § 63.60.070(5) (no liability for "use or authorization of use of an individual's or personality's name that is merely descriptive and used fairly and in good faith only to . . . accurately describe the goods or services of a party."); Wash.

DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES (3:24-CV-05745-KKE)

34

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

Rev. Code. § 63.60.070(6) (no liability for "use of an individual's or personality's name, voice, signature, photograph, or likeness when the use of the individual's or personality's name, voice, signature, photograph, or likeness is an insignificant, de minimis, or incidental use.").

## TWENTY-SEVENTH DEFENSE
### (Economic Loss Doctrine)

28.     The Complaint and each purported cause of action alleged therein is barred, in whole or in part, because of the economic loss doctrine.

## TWENTY-EIGHTH DEFENSE
### (Extraterritoriality)

29.     Plaintiff's claims are barred, in whole or in part, in that they would require Washington law to be applied extraterritorially.

## TWENTY-NINTH DEFENSE
### (Descriptive Use)

30.     The Complaint and each purported cause of action alleged therein is barred, in whole or in part, because any use by ZoomInfo of the information at issue was incidental.  *See* Wash. Rev. Code. § 63.60.070(6) (no liability for "use or authorization of use of an individual's or personality's name that is merely descriptive and used fairly and in good faith only to . . . accurately describe the goods or services of a party.").

## THIRTIETH DEFENSE
### (Incidental Use)

31.     The Complaint and each purported cause of action alleged therein is barred, in whole or in part, because any use by ZoomInfo of the information at issue was incidental.  *See* Wash. Rev. Code. § 63.60.070(6) (no liability for "use of an individual's or personality's name, voice, signature, photograph, or likeness when the use of the individual's or personality's name, voice, signature, photograph, or likeness is an insignificant, de minimis, or incidental use.").

## THIRTY-FIRST DEFENSE
### (Arbitration)

32.     Venue in this Court is improper to the extent plaintiff or the putative class members she purports to represent are bound to arbitrate their disputes with ZoomInfo.

DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES
(3:24-CV-05745-KKE)

35

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

ZoomInfo has not knowingly or intentionally waived any applicable defenses, and it reserves the right to assert and rely upon other applicable defenses that may become available or apparent during discovery in this matter.  ZoomInfo reserves the right to amend or seek to amend its answer and/or affirmative defenses.

WHEREFORE, ZoomInfo prays for judgement as follows:

1.      That the Complaint be dismissed with prejudice and that plaintiff take nothing by it;

2.      That defendants be awarded their costs of suit, including reasonable attorneys' fees; and

For such other relief as this Court deems just and proper.

DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES
(3:24-CV-05745-KKE)

36

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

DATED: December 22, 2025

QUINN EMANUEL URQUHART & SULLIVAN LLP

By: /s/ *Matthew Hosen*
   Alicia Cobb, WSBA #48685
   Matthew Hosen, WSBA #54855
   1109 First Avenue, Suite 210
   Seattle, Washington 98101
   Phone (206) 905-7000
   Fax (206) 905-7100
   aliciacobb@quinnemanuel.com
   matthosen@quinnemanuel.com

   Shon Morgan (*pro hac vice*)
   John W. Baumann (*pro hac vice*)
   865 South Figueroa Street, 10th Floor
   Los Angeles, California 90017
   Phone (213) 443-3000
   Fax (213) 443-3100
   shonmorgan@quinnemanuel.com
   jackbaumann@quinnemanuel.com

   *Attorneys for Defendant ZoomInfo Technologies LLC.*

DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES
(3:24-CV-05745-KKE)

37

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

**CERTIFICATE OF SERVICE**

I hereby certify that on December 22, 2025, I caused a true and correct copy of the foregoing to be filed in this Court's CM/ECF system, which sent notification of such filing to counsel of record.

DATED this 22nd day of December, 2025.

/s/ Matthew Hosen
Matthew Hosen, WSBA #54855

DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT AND
AFFIRMATIVE DEFENSES                    38
(3:24-CV-05745-KKE)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000